## McQuate v. Witmer.

*Sale of growing timber—Consummation of—Payment of purchase price—Injunction against cutting.*

The plaintiff entered into an agreement in November with the defendant, under which he granted, bargained and sold to him, for the sum of $107.50, payable on or before the following April 1st, all the growing timber on the plaintiff's land, with the right to cut the same at any time within two years from the signing of the agreement, and the said sum not being paid on or before April 1st, brought a bill to enjoin the defendant from cutting the timber, to which the defendant answered that he was entitled to certain credits amounting to more than $107.50: *Held*, that the items of credit should not be considered, but as the sale was consummated on the signing of the agreement and was not contingent on the payment of the $107.50, the bill could not be maintained.

Bill for injunction. C. P. Lancaster Co., Equity Docket No. 6, page 533.

*M. G. Schaeffer*, for plaintiff; *B. F. Davis*, for defendant.

LANDIS, P. J., March 29, 1924.—On Nov. 20, 1922, the plaintiff filed his bill in equity against the defendant, setting forth therein the following complaints: . . . On Jan. 20, 1923, the defendant made answer thereto, to wit: . . . .

By replication, the cause was duly placed at issue. The case thereupon came before us for final hearing, and the facts as elucidated were as follows:

### Findings of fact.

The plaintiff is the owner of a tract of timber land situated in West Cocalico Township, Lancaster County, containing eight acres and ninety-six perches. By deed dated Nov. 20, 1920, he purchased the same from Rebecca Burkholder and husband. On Nov. 19, 1920, evidently anticipating the conveyance, he entered into written articles of agreement with the defendant, whereby, in consideration of the sum of $107.50, he sold to the defendant all the trees standing and growing on the aforesaid tract of land, excepting and reserving all the tops or cord wood from the same. Under the terms of said agreement, the purchase price was to be paid on or before April 1, 1921. As this sum was not paid within the stipulated time, the plaintiff filed his bill and applied for a preliminary injunction, and this being granted, the question arises whether or not it should be continued.

The agreement entered into between them reads as follows:

"Articles of Agreement, between John K. McQuate, of West Cocalico Township, Lancaster County, Pa., of the one part, and D. B. Witmer, of the same place, of the other part, in manner following:

"The said John K. McQuate, for and in consideration of the sum of $107.50 Dollars to be paid by the said D. B. Witmer, his executors or administrators, on or before the first day of April, A. D. 1921, hath bargained and sold, and by these presents doth grant, bargain and sell to the said D. B. Witmer, his executors and administrators and assigns, all the trees now standing and growing on a tract of land situated in said West Cocalico Township, county and state aforesaid, containing eight acres and ninety-six perches. Being the same tract of land which John K. McQuade purchased from D. B. Witmer. Excepting and reserving all the tops or cord wood belonging to the said trees sold.

"And the said John K. McQuate, for himself, his heirs, executors and administrators, doth covenant, promise and agree to and with the said D. B. Witmer, his executors, administrators and assigns, that at all times or any time after

McQuate v. Witmer.

two years after the signing of this agreement, he, the said D. B. Witmer, his executors, administrators or assigns, shall and may have free liberty of ingress, egress and regress into and from all or any part of the said land with workingmen, horses, wagons to fell, cut down and carry away the logs of the aforesaid trees. And the like liberty to dig saw pits in convenient places on said premises or ground, and therein to saw, cut out and convert all or any part thereof.

"And the said D. B. Witmer, for himself, his executors, administrators and assigns, doth covenant, promise and agree to and with the said John K. McQuate, his executors, administrators and assigns, by these presents, that the aforesaid D. B. Witmer, his executors, administrators or assigns, will cut down, and at his or their own charge, carry away the said logs of said trees so sold to him as aforesaid.

"And in consideration for the purchase thereof, shall and will truly pay or cause to be paid unto the said John K. McQuate, his executors, administrators or assigns, the full sum of One Hundred and Seven 50/100 Dollars on or before the first day of April, A. D. 1921."

The defendant's contention is that before the agreement was made he paid the plaintiff $50; that he is entitled to credit for at least $20 for two loads of hickory butts; that in the fall of 1920 the plaintiff obtained from him certain lumber, amounting to $15.12; and that the defendant also did work for the plaintiff to the value of $2.50 and $42 respectively.

### Conclusions of law.

It is not alleged in the answer nor proven on the trial that the defendant paid to the plaintiff the sum of $107.50. Therefore, in this proceeding, none of the items of credit can be considered. We think they ought not to affect the result of the case. The chief trouble to the maintaining of the bill seems to be that the plaintiff has in his agreement barred himself from obtaining the relief he seeks. The agreement says that he "hath bargained and sold, and by these presents doth grant, bargain and sell to the said D. B. Witmer, his executors and administrators and assigns, all the trees now standing and growing on a tract of land situated in said West Cocalico Township. . . ." In addition, it says: "And the said John K. McQuate, for himself, his heirs, executors and administrators, doth covenant, promise and agree, to and with the said D. B. Witmer, his executors, administrators and assigns, that at all times or any time after two years after the signing of this agreement, he, the said D. B. Witmer, his executors, administrators or assigns, shall and may have free liberty of ingress, egress and regress into and from all or any part of the said land with workingmen, horses, wagons to fell, cut down and carry away the logs of the aforesaid trees. . . ." The sale was not contingent on the payment of the purchase price. It was consummated on the signing of the agreement, and the defendant at that time had the right to take possession and to enter upon the land and fell the timber. He could have cut it all and carried it away before April 1, 1921, and the plaintiff, therefore, could not have stopped him either by force or injunction. He trusted the defendant that he would pay him the sum of $107.50 on April 1, 1921, but a failure to do so did not affect nor render nugatory the terms of the sale. It seems, therefore, to follow that the plaintiff cannot maintain this bill.

The preliminary injunction is now dissolved and the bill is dismissed at the costs of the plaintiff.

Bill dismissed. Decree to be entered accordingly.

From George Ross Eshleman, Lancaster, Pa.